UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |
|---|---|
| JAMES HOOVER, | : |
| | : CASE NO. 1:12-CV-1876 |
| Plaintiff, | : |
| | : |
| vs. | : OPINION & ORDER |
| | : |
| CITY OF ELYRIA, SAMUEL F. JACOB, | : |
| SAMUEL W. JACOB, ROB GIVEN, & | : |
| MARY SIWIERKA, | : |
| | : |
| Defendants. | : |
| | : |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff James Hoover says that Defendants the City of Elyria, Samuel F. Jacob, Samuel W. Jacob, Rob Given, and Mary Siwierka terminated his employment with the City of Elyria in violation of his constitutional rights and Ohio law. [Doc. 16.] He filed this lawsuit on July 20, 2012 [Doc. 1], although he was already contesting his dismissal through the Elyria Civil Service Commission and in proceedings in Ohio's courts. [Doc. 36-5, 36-6, 36-7, 36-8, 36-9.] Because these ongoing state judicial proceedings implicate important state interests and provide Hoover an adequate opportunity to raise his federal claims, the Court abstains from ruling on Hoover's claims until state proceedings conclude. Accordingly, the Court STAYS this lawsuit and will hold this case in abeyance until the conclusion of state proceedings.

**I.**

On July 10, 2012, the City of Elyria terminated James Hoover's employment in its water department. [Doc. 16 at 3.] Hoover says that his termination stemmed from a long-running series of disputes with the City, including an initial attempt to terminate him in 2011, allegedly

Case No. 1:12-CV-1876
Gwin, J.

for smoking on the job and comments that he made to another employee. [Doc. 36-4 at 6.] Although the City conducted a hearing and initially terminated Hoover, Hoover challenged his termination in Civil Service Commission proceedings and won reinstatement although with a forty-five day suspension. [Doc. 36-3.] Hoover appealed into the Lorain County Court of Common Pleas, which affirmed in part and reversed in part the Commission's decision. [Doc. 36-5.] The City then appealed to the Ohio Court of Appeals, where the City's appeal apparently remains pending. [Doc. 36-6.]

In July, 2012, Hoover allegedly committed a serious safety violation involving electrical equipment. [Doc. 36-4 at 7.] The City suspended Hoover, and, following a hearing, fired him. [Doc. 36-4 at 7-8.] Hoover again appealed his termination in Civil Service Proceedings, this time to no avail. [Doc. 36-8.] On August 29, 2012, he appealed the Commission's decision to the Lorain County Court of Common Pleas, where the case apparently remains pending. [Doc. 36-9.]

On July 20, 2012, with these state actions ongoing, Hoover filed this action in federal court. [Doc. 1.] He seeks both injunctive and declaratory relief, such as reinstatement, as well as damages. [Doc. 16 at 21-24.] On November 6, 2012, Defendants moved for judgment on the pleadings. [Doc. 20.] They say that Hoover's factual allegations show no tortious conduct. [Doc. 20-1 at 7.] This motion remains pending. On January 14, 2013, following preliminary discovery, Defendants moved for summary judgment. [Doc. 36.] They say that the evidence shows that Hoover received adequate process and that neither the City nor its employees violated Hoover's rights.

On January 22, 2013, this Court ordered the parties to brief whether *Younger* abstention or *Burford* abstention apply to the instant case and, accordingly, whether this Court should stay this

-2-

Case No. 1:12-CV-1876
Gwin, J.

action during the pendency of state proceedings or dismiss this action. [Doc. 39.] The Defendants say that Younger abstention is appropriate but the Court should dismiss the action with prejudice because the Plaintiff cannot prevail on the merits. [Doc. 40.] The Plaintiff says that neither *Younger* nor *Burford* abstention apply because Mr. Hoover has been the victim of harassment and because Hoover's claims do not depend on an interpretation of state law. [Doc. 41.] Because neither party believes that *Burford* abstention is appropriate, the Court does not address the issue.

## II.

"*Younger v. Harris* and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). A three-part test controls when such abstention is appropriate: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (internal quotations omitted).

Where abstention is appropriate, "a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law." *Superior Beverage Co., Inc. v. Schieffelin & Co.*, 448 F.3d 910, 913 (6th Cir. 2006); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996) ("[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary."); *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir.

-3-

Case No. 1:12-CV-1876
Gwin, J.

2010) ("In the context of a complaint seeking 'both equitable [relief] and money damages,' as in this case, 'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law.'") (quoting *Superior Beverage Co.*, 448 F.3d at 913). Instead, "[t]he District Court should stay [the] federal lawsuit to protect against the possibility that [Plaintiff] could be deprived of the opportunity to present the merits of [his] damages claims in state court." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075-76 (6th Cir. 1998).

### III.

This case satisfies the criteria for *Younger* abstention. First, when Hoover filed this lawsuit, there were ongoing state judicial proceedings. *See Fed. Exp. Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991) ("'[T]he proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed.' Under this rule, if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied.") (quoting *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir.1986)); *see also Huffman v. Pursue, Ltd.*, 420 U.S. 592, 610 (1975) ("[T]he considerations of comity and federalism which underlie Younger permit no truncation of the exhaustion requirement merely because the losing party in the state court of general jurisdiction believes that his chances of success on appeal are not auspicious."). Neither party contests this element. [Docs. 40 at 2-3; 41 at 1.]

Second, the Court finds that this case implicates important state interests. A state has an important interest in "enforcing [its] laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution." *Younger*, 401 U.S. at 52.

-4-

Case No. 1:12-CV-1876
Gwin, J.

That interest includes enforcing local ordinances related to health and safety and preventing discrimination. *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 628 (1986) (finding state's interest in eliminating sex discrimination is sufficiently important for *Younger* abstention purposes); *Carroll*, 139 F.3d at 1075 (finding enforcement of housing ordinances enacted for health and safety purposes sufficiently important). Moreover, disciplining state employees is an important interest for *Younger* abstention purposes. *See Al-Marayati v. Univ. of Toledo*, 145 F.3d 1329 (6th Cir. 1998). The violations that the City alleges against Hoover—smoking on the job, use of a racial slur, and a workplace safety violation— all come within these categories. Accordingly, the Court finds sufficient grounds to suggest that the City sought to vindicate sufficiently important state interests when it terminated Mr. Hoover on both occasions.

Third, the Court finds that Hoover has an adequate opportunity to raise his federal claims in the ongoing state proceedings. "Unless state law clearly bars the imposition of the constitutional claims," abstention is appropriate. *Moore v. Sims*, 442 U.S. 415, 425 (1979); *see also Fieger v. Thomas*, 74 F.3d 740, 745 (6th Cir. 1996). The plaintiff bears the burden of showing that the state procedurally bars the presentation of such claims. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *Moore*, 442 U.S. at 432; *Feiger*, 74 F.3d at 746. Mr. Hoover's own briefs in the state proceedings reveal that he raised constitutional claims. [Docs. 40-3 at 16-18; 40-4 at 34.] Accordingly, the Court finds that Mr. Hoover either has had or will have an adequate opportunity to raise constitutional claims in the state proceedings.

Finally, the Court finds that this is not an extraordinary case falling within one of the narrow exceptions to Younger abstention. These exceptions

Case No. 1:12-CV-1876
Gwin, J.

> allow intervention in those cases where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it."

*Huffman*, 420 U.S. at 611 (quoting *Younger*, 401 U.S. at 53-54). Hoover says that "he has been the victim of a pattern of harassment" because he agreed to testify in another civil suit against the City and because he has spoken publicly against the city. [Doc. 41 at 3.] The Defendants, of course, deny these allegations.

To succeed under the harassment exception, Hoover must show something akin to "repeated threats against [him] to enforce the statutes without any expectation of securing a valid conviction." *Fieger*, 74 F.3d at 750. That is, he must show that the City instituted the "disciplinary proceeding against him solely for the purpose of suppressing his exercise of free speech rights and with no real hope of ultimate success." *Id*. It is not enough to show simple selective prosecution. *Id*.

Construing Hoover's allegations generously, he cannot show that city officials had no real hope of ultimate success. Hoover concedes the factual predicates for the disciplinary actions against him, including that, in the last alleged incident, he committed "an error." [Doc. 16 at 5, 8, 10.] Moreover, the first disciplinary action against Hoover was ultimately a successful prosecution because he was suspended for forty-five days. [Doc. 16 at 9.] Hoover's claim must thus be either that the punishment's inflicted on him were disproportionate or that he has been selectively prosecuted. (Indeed, Hoover's Complaint states that "he has not known anyone in the department to be suspended for an alleged violation of a smoking policy, especially based upon an anonymous complaint." [Doc. 16 at 5.]) Neither claim is sufficient to qualify under this

Case No. 1:12-CV-1876
Gwin, J.

Circuit's understanding of the harassment exception. Accordingly, *Younger* abstention is appropriate .

*Delvin v. Kalm*, 594 F.3d 893 (6th Cir. 2010), on which Hoover relies, says nothing contrary to this analysis. In that case, the Michigan Gaming Control Board fired plaintiff Delvin. *Id*. In response, "Delvin filed [a] federal suit against various state officials, and, later on the same date, [he] grieved his termination in the Michigan Civil Services Commission (MCSC)." *Id*. at 894 (footnote omitted). The Sixth Circuit held that *Younger* did not counsel against exercising jurisdiction:

> *Younger* does not apply when "the federal plaintiffs are also *plaintiffs* in the state court action" and "the plaintiffs are not attempting to use the federal courts to shield them from state court enforcement efforts." (emphasis in original). Accordingly, *Younger* does not prevent the federal court from ruling on Devlin's claims in the present suit because Devlin is the plaintiff in both the federal and state proceedings, and Devlin does not seek to enjoin the state proceedings or otherwise use the federal court to shield him from state enforcement efforts.

*Devlin*, 594 F.3d at 895 (quoting *Crawley v. Hamilton Cnty. Comm'rs,* 744 F.2d 28, 30 (6th Cir.1984)). This analysis seems to qualify Younger's first prong: Only proceedings in which the state pursues a charge, and thereby seeks to exercise coercive power, constitute ongoing state judicial proceedings for *Younger* purposes.

Formalistic as it may seem, Hoover's case differs in two fundamental regards. First, Hoover's termination began with a disciplinary action, that included a pretermination hearing. [Doc. 16 at 10.] Thus, Hoover is not a plaintiff in the state court action, but instead the subject of an enforcement action. In other words, the state proceedings against Hoover *are* "coercive rather than remedial." *Id*. (quoting *Ohio Civil Rights Comm'n*, 477 U.S. at 627 n.2). Second, when Hoover filed this federal lawsuit, the state proceedings were ongoing. But Delvin's state-court

-7-

Case No. 1:12-CV-1876
Gwin, J.

lawsuit did not begin until after he filed his federal lawsuit, albeit the same day.

Although the Court finds abstention appropriate, the Court cannot dismiss the case. "[A] federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law." *Superior Beverage Co.,* 448 F.3d at 913. "[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush,* 517 U.S. at 731. Thus, "[i]n the context of a complaint seeking 'both equitable [relief] and money damages,' as in this case, 'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand'" the case. *Gray,* 628 F.3d at 785 (6th Cir. 2010) (quoting *Superior Beverage Co.,* 448 F.3d at 913). Instead, "[t]he District Court should stay [the] federal lawsuit to protect against the possibility that [Plaintiff] could be deprived of the opportunity to present the merits of [his] damages claims in state court." *Carroll,* 139 F.3d at 1075-76.

In addition to injunctive and declaratory relief, Hoover seeks "appropriate compensatory, punitive and statutory damages, costs, reasonable expenses and attorneys' fees as provided by Ohio and/or federal law." [Doc. 16 at 22.] This demand is sufficient to warrant holding this case in abeyance until the conclusion of state proceedings.

Holding this case in abeyance instead of dismissing it without prejudice may appear a formality. But if Hoover is successful in challenging his dismissal in state court, his federal lawsuit will still be pending, he will maintain his place on the docket, and he will not have to contend with reserving defendants. On the other hand, if Hoover is unsuccessful in state court, preclusion doctrines may prevent Hoover from relitigating many of the issues raised in this

Case No. 1:12-CV-1876
Gwin, J.

lawsuit.  In either event, Hoover has successfully preserved any claims he may have.

### IV.

For the foregoing reasons, the Court STAYS the instant lawsuit and will hold this case in abeyance until the conclusion of state court proceedings.

IT IS SO ORDERED.


Dated: January 31, 2013                          s/        *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE